## INGLESIDE MERCANTILE CO. et al. v. VIVRETT et al.

### No. 9205.

Court of Civil Appeals of Texas,
San Antonio.

Dec. 20, 1933.

J. G. Cook and W. B. Moss, both of Sinton, for appellants.

Sidney P. Chandler, of Corpus Christi, for appellees.

MURRAY, Justice.

This suit was instituted by appellees, W. N. Vivrett, Sr., and W. N. Vivrett, Jr., partners, against appellant Ingleside Mercantile Company, a corporation, upon an alleged breach of a builder's contract. The Ingleside Mercantile Company was afterwards adjudged to be bankrupt, and its trustee, Jesse Wright, was made a party by amended pleadings.

It is an undisputed fact that the Ingleside Mercantile Company entered into a contract on February 7, 1929, with appellees, for the construction of a store building in the town of Ingleside; the contract being in writing, and the execution thereof being freely admitted by all parties.

Afterwards the company had their architects, Hamon & Co. prepare new plans and specifications, and secured new bids. Appellees submitted a new bid, but contend that they were not informed that this was to be competitive bidding, and thought that this bid was submitted under a provision in the written contract which provided for changes and alterations in the original plans and specifications. Joe Roscoe proved to be the lowest bidder on this occasion and was awarded the contract. The company, through its officers and architect, notified W. N. Vivrett, Jr., of Roscoe's bid before entering into the contract with Roscoe, and offered to give him the contract if he would take it at Roscoe's bid plus a bonus of $1,000. This Vivrett declined. Vivrett was then asked what he would take to release the company from the contract. Vivrett offered to release appellants from the contract on payment of about $1,000, provided they would take off his hands such material as he had to be used in the construction of the building. This offer was declined by the company. It then let the contract to Roscoe. Vivrett had given the bond required of him under his contract, and his check which accompanied his bid had been returned to him. After Roscoe secured the contract, he purchased from Vivrett certain beech flooring, but did not purchase cer-

tain hollow tile, brick, and form lumber, which was the material Vivrett had intended using in the building.

The cause was tried before the court, without the intervention of a jury. Judgment was rendered in appellees' favor in the sum of $848, which was the amount of appellees' expected profits to be derived out of the contract.

Appellant presents the proposition that appellees, by resubmitting bids, receiving back the earnest money, and selling a part of their material to the successful bidder at the second letting of the contract, thereby abandoned or rescinded his original contract.

We are of the opinion that the facts in this case are not sufficient to show either abandonment or rescission. There are no findings of facts or conclusions of law; it therefore becomes our duty to uphold the judgment of the trial court, if it is supported by the evidence. As stated above, appellees did not know at the time they resubmitted bids that there was to be competitive bidding, but believed that this bid was called for under the expressed provisions of the written contract, which provided for changes and alterations in the plans and specifications. When the fact that a lower bid than appellees' had been received was called to Vivrett's attention he then and there demanded his damages in the event his contract was breached. When the contract was let to Roscoe and appellees notified that they would not be permitted to carry out their original contract, the breach was complete. It was appellees' duty to sell his material if he could do so and thereby minimize his damages. There was nothing in all of these acts by appellees which would indicate either an abandonment or rescission of his contract.

Appellants next attempt to defeat appellees' claim upon the grounds of estoppel. Before there can be estoppel, it must be shown that appellees by their own acts or conduct led appellants into executing the second contract with Roscoe. The record discloses that appellees demanded their damages in the event of a breach before the contract with Roscoe was executed. Appellant company was informed by its own architect that it had a contract with appellees and that it had better dispose of that contract before entering into another. With these matters called to its attention, it deliberately entered into a new contract with Roscoe, and certainly they were not misled by the acts or conduct of appellees. We find no reason for setting aside the damages awarded to appellees by the trial court.

Appellees have filed a cross-assignment of error complaining of the trial court's failure to allow as an item of damage the value of certain material which appellees intended to use in the construction of the building, together with the sum of $500 for superintending the construction of the building.

The record discloses that this material was not purchased by appellees for use in the building, but they simply had it on hand, with the intention of using it in the building. The material still belonged to appellees after the breach as it did before the breach. The value of this material was not a proper item of damage.

The item of $500 for superintending the construction of the building was also not a proper item of damage. Appellee recovered the full amount of his expected profits derived at from his own estimate furnished in his own handwriting, and he will not be allowed to add thereto the cost of superintending the construction of the building.

The measure of damages for the total breach of a construction contract by the owner is the full contract price less the cost of construction. The contractor is entitled to recover all sums expended, less the value of material on hand which he has purchased by reason of his contract but not used. It is also clear that the value of the contractor's time that he would have given in completing the building is a proper part of the cost of construction and should be deducted from the contract price. American Law Institute Restatement of the Law of Contracts, § 346; Long v. McCauley (Tex. Sup.) 3 S. W. 689.

The judgment is affirmed.